**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 22-89-1 |
| | ) | |
| ZACHARIAH OWENS, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

**ORDER**

For essentially the same reasons stated in the government's opposition (Doc. 131), Defendant's Motion to Dismiss Count 3 of the Indictment[1] (Doc. 128) based on Bruen and Range will be denied.  As this Court recently observed, the ruling in Range was, by its own terms, "a narrow one."  U.S. v. Law, Criminal No. 20-341, 2023 WL 5176297, at *1 (W.D. Pa. Aug. 11, 2023) (quoting Range v. Att'y Gen., 69 F.4th 96, 106 (3d Cir. 2023)).  The crime addressed in Range is clearly and facially distinguishable from the ones here.  *Compare id.* at 98 (addressing the state crime of making a false statement to obtain food stamps, as-applied to that defendant) *with* Gov't Resp. in Opp'n (Doc. 131) (summarizing the prohibitions on Defendant's possession of a firearm, including two prior felony convictions for robbery, both of which involved a firearm; and noting that Defendant allegedly possessed a firearm and ammunition in connection with his current drug-trafficking charges); *see also* U.S. v. Cotton, Crim. Action No. 22-471, 2023 WL 6465836, *4 (E.D. Pa. Oct. 4, 2023) (considering, for the purposes of an as-applied challenge, not only the defendant's prior convictions but his current charges);

---

[1] Count 3 of the Indictment charges Defendant Owens with Possession of a Firearm and Ammunition by a convicted felon (specifically, a Hi-Point pistol, Winchester ammunition and Federal ammunition), in violation of 18 U.S.C. § 922(g)(1).  (Doc. 3).

U.S. v. Wise, Crim. No. 21-511, 2023 WL 6260038, *4 (W.D. Pa. Sept. 26, 2023) (for purposes of an as-applied challenge, the court accepts as true the factual allegations in the charging instrument).

Taking into account Defendant's prior convictions, and his current charges, the point seems too obvious to belabor. His as-applied challenge is without merit. *See, e.g.*, Cotton, 2023 WL 6465836, at *4 (rejecting a similar challenge, where the defendant was charged with both a violation of Section 922(g)(1) and possession with intent to distribute cocaine base, because the law has long recognized that "drugs and guns are a dangerous combination") (citations to quoted and other sources and internal alterations omitted).[2]

Defendant's facial challenge to 18 U.S.C. § 922(g)(1) likewise is rejected. The Court does not reach the issue in a vacuum, and the undesigned adopts the sound reasoning of her brethren. U.S. v. Hilliard, 2:23-cr-110, 2023 WL 6200066, at *1 (W.D. Pa. Sept. 21, 2023) (Ranjan, J.); U.S. v. O'Connor, Crim. No. 03-134, 2023 WL 5542087, at *3 (W.D. Pa. Aug. 29, 2023) (Conti, J.).

For these reasons, and for the others stated in the government's opposition, Defendant's Motion to Dismiss (**Doc. 128**) is **DENIED**.

IT IS SO ORDERED.

October 10, 2023

s/Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] Discussions of the historical analogues recounted in the government's Opposition, and the various court decisions reaching the same conclusion, will not benefit from repetition. They are incorporated by reference. The Court declines to adopt the reasoning of the handful of outlier-decisions. Those presently are on appeal, and, if the Court of Appeals for the Third Circuit sees wisdom where this Court does not, the undersigned will stand corrected.